UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMMY P.,[1]

                          Plaintiff,

v.

                         Case # 19-CV-1313-FPG

                         DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

## INTRODUCTION

On January 6, 2016, Plaintiff Tammy P. protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 347. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge Melissa Lin Jones on June 26, 2018. Tr. 225. At the hearing, Plaintiff and vocational expert, Timothy P. Janikowski, testified. Tr. 233-48. On September 7, 2018, the ALJ issued an unfavorable decision. Tr. 13-33. The Appeals Council denied Plaintiff's request for review on July 30, 2019, making the ALJ's decision the final decision of the SSA. Tr. 341-343.

On September 26, 2019, Plaintiff filed a timely appeal to this Court.[3] ECF No. 1. The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 13. For the reasons that follow, Plaintiff's motion is GRANTED, the

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 6.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and

work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 416.920.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 16, 2016, the alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff has the following severe impairments: (1) cervical disc herniations that required an anterior discectomy and fusion at C5-6 and C6-7 and (2) asthma. Tr. 19-22. The ALJ also found that Plaintiff has the following non-severe impairments: (1) anxiety disorder; (2) umbilical hernia; and (3) adenocarcinoma. Tr. 19-22. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 22.

Next, the ALJ determined that Plaintiff retains the RFC to perform sedentary work[4] with additional restrictions. Tr. 27. Specifically, the ALJ found that Plaintiff must avoid concentrated exposure to fumes, odors, dusts, gases and other pulmonary irritants. Tr. 22.

At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 27. At step five, the ALJ relied on the VE's testimony and found that Plaintiff can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 28. Specifically, the VE testified that Plaintiff could work as a final assembler,

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

order clerk, or bench hand. *Id.* Accordingly, the ALJ concluded that Plaintiff was not "disabled" under the Act. *Id.*

## II.     Analysis

Plaintiff argues that remand is required because the Commissioner erred in failing to consider any of Plaintiff's mental impairments to be "severe impairments."[5] ECF No. 12-1 at 19-21; ECF No. 14 at 7-9. Specifically, Plaintiff asserts that the ALJ's mental impairment review was based on an incomplete record. ECF No. 12-1 at 21; ECF No. 14 at 9. The Court agrees.

### A.     Medical Evidence Related to Plaintiff's Mental Impairments

The evidence demonstrates that Plaintiff has mental health impairments. Dr. Janine Ippolito, Psy. D., noted in an April 1, 2016 psychiatric evaluation that Plaintiff experiences: (1) "occasional[ ] . . . crying spells for no reason"; (2) "excessive apprehension, worry, and nervousness on a daily basis" which is exacerbated in certain circumstances; (3) "panic attacks characterized by racing heart and breathing difficulties"; (4) "some memory trouble at times and must 'write everything down.'" Tr. 824. Plaintiff did report to Dr. Ippolito at that time that her anxiety medication was "helpful in managing symptoms." Tr. at 823. However, medical evidence suggests that Plaintiff's anxiety was not well-controlled with medication as time progressed.

Progress notes from the South Buffalo Counseling Center ("SBCC") dated November 9, 2017, state that Plaintiff had experienced "an increase in stress and anxiety." Tr. 990. SBCC client narrative notes from February 28, 2018 demonstrate that this trend continued: Plaintiff stated she had experienced "an increase in anxiety" and that she "[felt] as though her medications are not working." Tr. 988. She also was screened positive for depression. Tr. 1005.

---

[5] Plaintiff advances other arguments that she believes warrant reversal of the Commissioner's decision. ECF No. 12-1 at 13-24. However, the Court will not address those arguments because it disposes of this matter based on the failure to develop the record.

4

May 11, 2018 diagnostic review notes from BestSelf Behavioral Health indicate Plaintiff's depression had persisted. Tr. 1815 (noting that Plaintiff was experiencing "[p]ersistent depressive disorder").

### B.     Failure to Develop the Record

Plaintiff asserts the ALJ was obligated to develop the record by obtaining additional mental health records. Plaintiff further argues that because such records were not considered, "this claim should be remanded for proper consideration of [Plaintiff's] mental impairments at step two and at steps four and five in the RFC assessment and to re-contact a treating psychiatric provider or obtain the services of a medical expert with specialization in psychiatry." ECF No. 14 at 9. The Court agrees.

The ALJ has an affirmative duty to develop the administrative record due to the "essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Specifically, the ALJ must develop a claimant's "complete medical history" for at least the 12 months preceding the month in which the claimant filed her application unless it is necessary to develop an earlier period. 20 C.F.R. §§ 404.1512(b), 416.912(b). The ALJ must "make every reasonable effort" to help the claimant get reports from her medical sources. *Id.*

Remand is warranted if the ALJ fails to fulfill his duty to develop the record. *Pratts*, 94 F.3d at 39. On the other hand, where there are no "obvious gaps" in the record and a "complete medical history" exists, the ALJ is not obligated to seek additional evidence. *Rosa*, 168 F.3d at 79 n.5.

Here, the ALJ noted that Plaintiff received mental health treatment at SBCC and at BestSelf Behavioral Health. Tr. 20-21. In discussing the evidence from BestSelf, however, the ALJ expressly acknowledged that evidence was missing from the record. *Id.* ("[Plaintiff] was again

diagnosed with unspecified anxiety disorder, as well as persistent depressive disorder (dysthymia), but no contemporaneous findings on mental status examination supporting those diagnoses appear in the record."). Instead of fulfilling her affirmative duty to develop Plaintiff's complete medical history, the ALJ used the missing evidence to discount a favorable medical opinion.

Specifically, the ALJ afforded only "little weight" to Dr. Ippolito's conclusion that Plaintiff's "anxiety disorder . . . results in moderate to marked limitations in her ability to relate adequately with others," deeming it "not well supported by Dr. Ippolito's own findings or other mental health evidence."[6] Tr. 20.

The ALJ discounted Dr. Ippolito's conclusion regarding Plaintiff's anxiety in part because it "is not well supported by . . . other mental health evidence," while also noting that the record lacks "contemporaneous findings" regarding Plaintiff's diagnoses of an unspecified anxiety disorder and persistent depressive disorder. Tr. 20-21. In other words, the ALJ used a gap in the record to Plaintiff's detriment. *See, e.g.*, *Tillack v. Colvin*, No. 15-CV-6306, ECF No. 16 at 6 (W.D.N.Y. Oct. 11, 2016) (noting that the ALJ "used a gap in the record to Plaintiff's detriment" when he acknowledged that the record lacked specific evidence and then discounted an opinion that plaintiff was disabled based on "the lack of supporting evidence"). It is unclear to the Court how the ALJ could determine that Dr. Ippolito's opinion was inconsistent with the "other mental health evidence" when he specifically acknowledged that all of the evidence was not before him. Due to the gap in the record, remand is necessary for proper consideration of Plaintiff's mental impairments at step two and throughout the subsequent steps of the ALJ's disability determination. *See Camellia O. v. Commissioner*, 1:19-CV-1153 (DJS), 2021 WL 354099, at *4 (N.D.N.Y. Feb. 2, 2021) (remanding case where the ALJ (1) noted a lack of documentation at step two regarding

---

[6] The ALJ afforded "significant weight" to the opinion of Dr. H. Tzetzo, a state agency psychiatric consultant who did not examine Plaintiff. Tr. 20.

mental health diagnoses and limitations; (2) assigned "little weight" to the opinion of the consultative psychiatric examiner because of the lack of documentation to support her opinion; and (3) found there were jobs existing that Plaintiff could perform in the national economy in significant numbers based upon the lack of significant mental functional limitations in the RFC).

The Commissioner asserts that more detailed treatment notes from Plaintiff's mental health providers "may not exist" and that "[i]f Plaintiff believed that additional evidence existed and was needed to decide the claim it was her responsibility to submit it or at least inform the ALJ of such." ECF No. 13-1 at 10 n.3. The Commissioner further asserts that "Plaintiff does not contend that more detailed records even exist" and that "[t]he ALJ has no duty to demand that treating sources create records with a specified level of detail." *Id.* However, contrary to the Commissioner's position, Plaintiff does assert that "the ALJ did not even secure all of [Plaintiff's] mental health records." ECF No. 14 at 9. Furthermore, there is no evidence that the ALJ requested additional information from Plaintiff's mental health providers or attempted to close the gap in the record.

Accordingly, for the reasons stated above and in light of the ALJ's broad duty to develop the record, the Court finds that remand is required. *See, e.g.*, *Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011) ("The duty of the ALJ, unlike that of a judge at trial, is to investigate and develop the facts and develop the arguments both for and against the granting of benefits."). Where, as here, "there are gaps in the administrative record, remand to the Commissioner for further development of the evidence is in order." *Glast v. Astrue*, No. 11-CV-5814 SLT, 2013 WL 5532696, at *10 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

The ALJ notes that some of Plaintiff's mental health treatment records "indicate that Plaintiff cancelled her sessions." ECF No. 13-1 at 11. Social Security Ruling 96-7p warns, however, that an ALJ "must not draw any inferences about an individual's symptoms and their

7

functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." S.S.R. 96-7p, Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, at *7 (S.S.A. July 2, 1996) (effective July 2, 1996 to Mar. 28, 2016). In the mental health context, "[c]ourts have observed that faulting a person with a diagnosed mental illness for failing to pursue mental health treatment is a 'questionable practice.'" *Bick v. Colvin*, 14-CV-791S, 2016 WL 3995716, at *3 (W.D.N.Y. July 26, 2016).

Based on the analysis above, the Court finds that there was an "obvious gap" in the record and that the ALJ was therefore obligated to seek additional evidence. Accordingly, remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 16, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge, United States District Court